# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK (MANHATTAN)

| | |
|---|---|
| A.J. RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of SCHAHIN HOLDING S/A, *et al.*,<br><br>        Plaintiff,<br><br>v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA, S.A., *et al.*,<br><br>        Defendants. | Adv. Case No. 21-01213-lgb |
| A.J. RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of SCHAHIN HOLDING S/A, *et al.*,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF CHINA LIMITED, *et al.*,<br><br>        Defendants. | Adv. Case No. 21-01216-lgb |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION<br>FOR ISSUANCE OF LETTER OF REQUEST**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

    I.     The Court Has Authority to Issue the Letter of Request. ................................................ 2

    II.    Plaintiff's Requests Are Relevant and Likely to Lead to Material Evidence. ................. 3

    III.   Comity Considerations Favor Issuing This Letter of Request. ....................................... 3

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392 (3d Cir. 2021) ........................ 4

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*,
   841 F. Supp. 2d 769 (S.D.N.Y. 2012) ................................................................................. 3, 4, 5

*Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517 (S.D.N.Y. 1987) ........................ 5

*Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
   482 U.S. 522 (1987) ..................................................................................................................... 3, 4

*United States v. Staples*, 256 F.2d 290 (9th Cir. 1958) .................................................................. 2

**Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................... 3

Fed. R. Civ. P. 26(c)(1)(G) ............................................................................................................... 5

Fed. R. Civ. P. 28(b)(2) ..................................................................................................................... 2

**Other Authorities**

Convention Adopted at the Eleventh Session of The Hague Conference on Private
   International Law October 26, 1968, art. 1, 23 U.S.T. 2555 ....................................................... 2

Restatement (Third) of Foreign Relations Law § 473 (Am. L. Inst. 1987) .................................... 4

Plaintiff AJ Ruiz Consultoria Empresarial S.A., solely as judicial administrator and foreign representative of Schahin Holding S/A, ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Issuance of Letter of Request for discovery from Industrial and Commercial Bank of China ("ICBC"), a foreign non-party.

## INTRODUCTION

Plaintiff brings this Motion to obtain discovery from ICBC, a non-party headquartered outside of the United States. Plaintiff believes that ICBC possesses or controls information critical to its claims in this action, especially relating to the sale and leaseback of the *Amazonia* and *Pantanal* rigs, as well as Eonio Rocha and Gustavo Shinohara's breaches of their fiduciary duties to the Schahin Group entities. Defendants not dispute the relevance of this information: Defendants Hamburg Commercial Bank AG; Standard Chartered Bank; Shinhan Bank; Mizuho Bank, Ltd.; Dexia Crédit Local S.A.; Deutsche Bank Trust Company Americas; Itaú BBA International PLC; Intesa Sanpaolo, S.p.A., New York Branch; Deutsche Bank AG, London Branch; Crédit Industriel et Commercial; Caterpillar Financial Services Corporation; Banco Bilbao Vizcaya Argentaria, S.A; Banco Bilbao Vizcaya Argentaria, S.A., Grand Cayman Branch; and UniCredit Bank AG have all indicated in their initial disclosures that "ICBC is likely to have information concerning the September 2014 sale-leaseback." Although Plaintiff served ICBC's domestic subsidiary, the few documents Plaintiff received from the subsidiary demonstrated that it had limited responsive documents in its custody or control, and Plaintiff seeks information from ICBC only where that information is not in the possession or custody of its domestic subsidiary.

Plaintiff respectfully requests that the Court grant this motion to obtain limited documents from ICBC, the Chinese bank that purchased and leased back the *Amazonia* and *Pantanal* rigs. Plaintiff expects that ICBC's documents will show that Defendants were unjustly enriched as a result of the sale of the *Amazonia* and *Pantanal* and the related transactions, and Defendants aided and abetted Rocha's and Shinohara's breaches of their fiduciary duties to the Schahin Group and its creditors. Accordingly, Plaintiff respectfully requests that this Court issue the letter of request directed at its counterparts in the People's Republic of China to obtain relevant evidence from ICBC.

## ARGUMENT

### I. The Court Has Authority to Issue the Letter of Request.

The Court has authority under Fed. R. Civ. P. 28(b)(2) to issue letters of request for the production of documents from non-parties located in foreign countries, such as the People's Republic of China. The Court also has inherent authority to issue letters of request. *United States v. Staples*, 256 F.2d 290, 292-93 (9th Cir. 1958).

China and the United States are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").[1] Pursuant to the Hague Evidence Convention, "In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Convention Adopted at the Eleventh Session of

---

[1] *See* Hague Conference on Private Int'l Law, *Status Table*, *Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited May 12, 2022); Hague Conference on Private Int'l Law, *Hague Evidence Convention - Acceptances of Accessions*, https://assets.hcch.net/docs/f094fd72-6213-4950-96ea-955f41a311eb.pdf (last visited May 12, 2022).

The Hague Conference on Private International Law October 26, 1968, art. 1, 23 U.S.T. 2555. The Supreme Court has recognized that the Hague Evidence Convention is "intended to establish optional procedures that would facilitate the taking of evidence abroad." *See Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 538 (1987).

## II. Plaintiff's Requests Are Relevant and Likely to Lead to Material Evidence.

In deciding whether to issue letters of request, "U.S. courts apply the discovery principles contained in Rule 26" of the Federal Rules of Civil Procedure. *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," including material that is not admissible. Plaintiff's letter of request clears this threshold because the letter is narrowly drawn to obtain only key evidence, identified with the greatest possible particularity, which cannot be obtained elsewhere. The evidence sought from ICBC will assist Plaintiff in proving that Defendants were unjustly enriched as a result of the sale of the *Amazonia* and *Pantanal*, and that Defendants aided and abetted Rocha's and Shinohara's breaches of their fiduciary duties to the Schahin Group and its creditors.

## III. Comity Considerations Favor Issuing This Letter of Request.

Although the Supreme Court in *Aérospatiale* was considering whether a letter of request or a traditional U.S. discovery request would be the proper means by which to take discovery from a foreign party, courts have applied the comity factors it identified when deciding whether to authorize discovery of a foreign non-party. *See, e.g.*, *Lantheus Med. Imaging*, 841 F. Supp. 2d at 791-92 (considering comity issues raised by motion for issuance of letters of request). Those factors are: (1) the importance to the litigation of the documents requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the

availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *Aérospatiale*, 482 U.S. at 544 n.28. Some district courts in the Second Circuit have also considered two additional factors: "any hardship the responding party would suffer if it complied with the discovery demands and whether the responding party has proceeded in good faith." *Lantheus Med. Imaging*, 841 F. Supp. 2d at 795 (internal quotation marks & citation omitted).

Here, the *Aérospatiale* factors support issuing the letter. *First*, as set out above, the document requests are critical to Plaintiff's claims in this important litigation. *Second*, the narrow requests for ICBC are specific, seek only a limited set of evidence, and are directly relevant to issues in this case. *Third* and *fourth*, even if the documents may have originated overseas, Plaintiff specifically seeks only those documents that are unlikely to be found in the United States, which counterbalances the foreign origin of the documents and favors disclosure. *See Lantheus Med. Imaging*, 841 F. Supp. 2d at 793; *Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 399 (3d Cir. 2021) (holding that even if the third factor weighs against issuing the letter, the fourth factor can "overcome" the third). *Fifth*, "[w]hen a court orders resort to the [Hague] Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is located to the courts or other authorities of that state." Restatement (Third) of Foreign Relations Law § 473 reporters' note 5 (Am. L. Inst. 1987). Since "[w]hether [Chinese] law would limit enforcement of the [letter] rogatory, in whole or in part, is

a determination for the [Chinese] Court," the fifth factor does not weigh against discovery. *Lantheus Med. Imaging*, 841 F. Supp. 2d at 795.

The two additional factors also support issuing the letter. "As to the first additional factor in the context of a comity analysis, the 'hardship' that courts seek to avoid is the hardship posed by ordering 'the production of information or documents located abroad where such production would violate the law of the state in which the documents are located.'" *Id*. at 796 (quoting *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 522 (S.D.N.Y. 1987)). Again, since the Chinese Court "may limit the enforcement of the letters rogatory to those Requests that do not violate [Chinese] law," and because "the Federal Rules of Civil Procedure permit [ICBC] to seek a protective order from this Court as to any 'trade secret or other confidential research, development, or commercial information,'" this factor "does not weigh against issuing the letters rogatory nor does it change the Court's application of the *Aerospatiale* factors." *Id*. at 795-96 (quoting Fed. R. Civ. P. 26(c)(1)(G)). Finally, since this is Plaintiff's first attempt to seek documents from ICBC, the good faith inquiry does not apply. Therefore, the comity considerations favor issuing the letter of request here.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court grant this motion and execute the attached letter of request.

Dated: June 27, 2023	Respectfully submitted,

By: /s/ Andrew E. Goldsmith
Andrew E. Goldsmith
Derek T. Ho
Andrew M. Hetherington
KELLOGG, HANSEN, TODD
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 367-7900
Fax: (202) 326-7999
agoldsmith@kellogghansen.com
dho@kellogghansen.com
ahetherington@kellogghansen.com

*Counsel for Plaintiff*